Ms. Nwamaka Anowi
Clerk of Court
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219

Re: <u>NADOHE, et al., v. Trump, et al., Case No. 25-1189</u>

Dear Ms. Anowi:

We write in response to Defendants' letter, Dkt. 27,[1] and about developments concerning Defendants' noncompliance with the District Court's preliminary injunction.

Defendants' letter, Dkt. 27, mischaracterizes the proceedings below. Plaintiffs seek clarification on Defendants' compliance efforts after raising non-compliance concerns both before and after the District Court clarified its order. *See* ECF No. 68 at 4-6. Defendants have never addressed Plaintiffs' inquiries and "it has become clear the federal government remains noncompliant." *Id.* at 1.[2]

Plaintiffs will file imminently a Notice of Supplemental Facts below concerning HUD's noncompliance in requiring a certification prohibited by the preliminary injunction sent to Plaintiff Baltimore. Similar certification requests have gone out nationwide.

These certification requests, combined with widespread public reporting, highlight the Government's continued noncompliance. Indeed, per *Rolling Stone*, the "Trump administration officials have explicitly told staff and outside groups that they view [the district court's] court order as irrelevant and that the 'DEI' crackdown contract language will remain." ECF No. 68 at 2.

Indeed, the District Court has authority to bind non-named agencies. *See* ECF No. 50; ECF No. 65. FRCP 65(d) allows all entities in active concert or participation to be bound. And a showing of privity suffices to meet that standard. *See* ECF. No. 65 at 4 (citing *Golden State Bottling Co. v. Nat'l Lab. Rels. Bd.*, 414 U.S. 168, 179 (1973)); *see also NRDC v. U.S. EPA*, 38 F.4th 34, 56 n.18 (9th Cir. 2022) (observing privity principle); *Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 776 F.3d 1, 9 (D.C. Cir. 2015) (similar). Defendants fail to address any of the authorities raised here and below.

---

[1] This letter refers to entries on the Fourth Circuit's docket as "Dkt. X," while entries on the docket of the District Cout below are referred to as "ECF No. X."

[2] Plaintiffs-Appellees have merely sought a status conference to address their concerns; no contempt sanctions have been sought, despite Defendants-Appellees reference to contempt sanctions in their letter.

These developments highlight the need to preserve the District Court's clarified preliminary injunction.

Respectfully submitted,

/s/ *Aleshadye Getachew*
Aleshadye Getachew

Counsel for Plaintiffs

cc: All Counsel by ECF

## CERTIFICATE OF SERVICE

  I hereby certify that on March 14, 2025, I electronically filed the foregoing letter with the Clerk of the Court by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

/s/ *Aleshadye Getachew*
Aleshadye Getachew
