**No. 25-1189**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

NATIONAL ASSOCIATION OF DIVERSITY OFFICERS IN HIGHER EDUCATION, et al.,

   Plaintiffs-Appellees,

v.

DONALD J. TRUMP, et al.,

   Defendants-Appellants.

On Appeal from the United States District Court
for the District of Maryland

### SUPPLEMENTAL BRIEF FOR APPELLANTS

BRETT A. SHUMATE,
   *Assistant Attorney General*

YAAKOV M. ROTH
   *Principal Deputy Assistant Attorney General*

ERIC D. MCARTHUR
   *Deputy Assistant Attorney General*

MARK R. FREEMAN
DANIEL TENNY
JACK STARCHER
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7515*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 514-8877*

## TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY ................................................................1

ARGUMENT........................................................................................................1

CONCLUSION ...................................................................................................4

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*HIAS, Inc. v. Trump*,
   985 F.3d 309 (4th Cir. 2021) .................................................................... 2

*Kinney-Coastal Oil Co. Kieffer*,
   277 U.S. 488 (1928) ..................................................................................1

*Trump v. CASA, Inc.*,
   145 S. Ct. 2540 (2025) ................................................................... 1, 2, 3

## INTRODUCTION AND SUMMARY

The government respectfully submits this supplemental brief in response to the Court's order requesting briefing "addressing what import, if any, the Supreme Court's recent decision in *Trump v. CASA*, 145 S. Ct. 2540 (2025), has on the scope of the appeal and any appropriate remedy." Suppl. Br. Order (July 29, 2025).

## ARGUMENT

In *Trump v. CASA, Inc.*, the Supreme Court addressed the ability of courts to issue "universal injunctions," which are injunctions that bar the defendant from enforcing "a law or policy against *anyone*," in contrast to an injunction that bars the defendant from enforcing the challenged law or policy against the plaintiff. 145 S. Ct. 2540, 2548 (2025). The Supreme Court concluded that "Congress has granted federal courts no such power," *id.* at 2550, because universal injunctions have no historical analogue in equity practice, *id.* at 2550-56.

In so holding, the Supreme Court confirmed that a court granting equitable relief only "'may administer complete relief *between the parties*.'" 145 S. Ct. at 2557 (*quoting Kinney-Coastal Oil Co. v. Kieffer*, 277 U.S. 488, 507 (1928)). "Under this principle, the question is not whether an injunction

offers complete relief to everyone potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief *to the plaintiffs before the court.*" *Id.* And even then, "[c]omplete relief is not a guarantee—it is the maximum a court can provide." *Id.* at 2558. Thus, "the broader and deeper the remedy the plaintiff wants, the stronger the plaintiff's story needs to be." *Id.* (quotation omitted). As this Court has held, a court "must ensure that a preliminary injunction is no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *HIAS, Inc. v. Trump*, 985 F.3d 309, 326 (4th Cir. 2021).

As explained in the government's briefs, the scope of the district court's injunction here is incompatible with these principles because it extends beyond plaintiffs to preclude the government from acting with respect to non-parties. *See* Opening Br. 45-48; Reply Br. 28-29. And relief to non-parties is not necessary to provide complete relief to plaintiffs. The only injuries plaintiffs claim—chilling of their protected speech and the potential loss of their grants and awards pursuant to the challenged provisions—would be fully remedied by an injunction that runs only to plaintiffs. In addition, *CASA*'s admonition that courts may only grant

2

equitable relief "between the parties" confirms that the district court separately erred in extending its injunction to cover non-defendants.

None of plaintiffs' arguments in support of the scope of the injunction can be squared with the Supreme Court's decision in *CASA*. Plaintiffs argue that a universal injunction was justified because they challenged a "categorical policy." Resp. Br. 50. But the same was true in *CASA*. *See* 145 S. Ct. at 2549. The categorical nature of the policy does nothing to demonstrate that an injunction covering non-parties is necessary to redress any injury established by plaintiffs.

Plaintiffs are equally wrong to argue that the scope of the injunction was justified because plaintiffs are organizations "who have numerous members," such that "an injunction limited to the parties would be unworkable in practice." Resp. 50 (quotation omitted). The associational plaintiffs in *CASA* made the same argument, and the Supreme Court rejected it. *See* 145 S. Ct. at 2565 (Thomas, J., concurring) ("[T]he Court today readily dispatches with the individual and associational respondents' position that they require a universal injunction, notwithstanding their argument that a 'plaintiff-specific injunction' would be difficult to administer.").

3

## CONCLUSION

For the foregoing reasons and those given in our opening and reply briefs, this Court must, at the very least, vacate the preliminary injunction to the extent it provides relief to (and against) non-parties.

                                                      Respectfully submitted,

                                                  BRETT A. SHUMATE,
                                                      *Assistant Attorney General*

                                                YAAKOV M. ROTH
                                                      *Principal Deputy Assistant*
                                                             *Attorney General*

                                                ERIC D. MCARTHUR
                                                     *Deputy Assistant Attorney General*

                                                MARK R. FREEMAN
                                                DANIEL TENNY
                                                 *s/ Jack Starcher*
                                                JACK STARCHER
                                                  *Attorneys, Appellate Staff*
                                                  *Civil Division, Room 7515*
                                                  *U.S. Department of Justice*
                                                  *950 Pennsylvania Avenue NW*
                                                  *Washington, DC 20530*
                                                  *(202) 514-8877*
                                                  *john.e.starcher@usdoj.gov*

August 2025

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume set by this Court's order of July 29, 2025, because it is under ten pages. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Book Antiqua 14-point font, a proportionally spaced typeface.

*s/ Jack Starcher*
Jack Starcher

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the appellate CM/ECF system. Service will be accomplished by the appellate CM/ECF system.

*s/ Jack Starcher*
Jack Starcher